UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SCOTT D.[1],

                         Plaintiff,

v.                                             CASE # 20-cv-01052

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

_____

APPEARANCES:                                 OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      MARY ELLEN GILL, ESQ.
  Counsel for Plaintiff                         KENNETH R. HILLER, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.               GRAHAM MORRISON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the

undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter

is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant

_____

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born on February 5, 1970, and has less than a high school education. (Tr. 167, 180). Plaintiff alleged disability based on degenerative joint disease of the back and cervical spine, a hand impairment, arthritis in the hands, and high blood pressure. (Tr. 179). His alleged onset date of disability was August 15, 2016 and his date last insured is December 31, 2021. (Tr. 167).

### B.      Procedural History

On September 27, 2017, plaintiff applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 148-50). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On June 7, 2019, plaintiff appeared before ALJ Ellen Bush. (Tr. 30-62). On September 5, 2019 ALJ Bush issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-25). On June 15, 2020, the Appeals Council (AC) denied plaintiff's request for review. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.

2.  The claimant has not engaged in substantial gainful activity since August 15, 2016, the alleged onset date (20 CFR 404.1571 *et seq.).*

3.  The claimant has the following severe impairments: Degenerative Disc Disease of the Cervical Spine, Degenerative Disc Disease of the Lumbar Spine, and Obesity (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5.  After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant can stand or walk for two hours each per day and can sit for six hours per day. The claimant can occasionally climb stairs, ramps, ladders, ropes or scaffolds, can occasionally balance, stoop, kneel, crouch and crawl, and can occasionally reach overhead bilaterally.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born on February 5, 10970 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8.  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 15, 2016, through the date of this decision (20 CFR 404.1520(f)).

(Tr. 12-25).

## II.      THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.      Plaintiff's Arguments

Plaintiff argues the RFC is unsupported by substantial evidence because the ALJ did not include a sit/stand option in the RFC. (Dkt. No. 11 at 9 [Plaintiff's Mem. of Law]).

### B.      Defendant's Arguments

In response, defendant asserts substantial evidence supports the ALJ's RFC determination and that the ALJ properly considered plaintiff's ability to sit and stand. (Dkt. No. 23 at 6 [Defendant's Mem. of Law]).

## III.      RELEVANT LEGAL STANDARD

### A.      Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where

evidence is deemed susceptible to more than one rational interpretation, the Commissioner's

conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence,

a reviewing court considers the whole record, examining evidence from both sides, because an

analysis of the substantiality of the evidence must also include that which detracts from its weight."

*Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even

where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*,

805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's

determination considerable deference, and may not substitute "its own judgment for that of the

[Commissioner], even if it might justifiably have reached a different result upon a de novo review."

*Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an

individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme

Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482

U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2)
> whether the claimant has a severe impairment or combination of impairments; (3)
> whether the impairment meets or equals the severity of the specified impairments
> in the Listing of Impairments; (4) based on a 'residual functional capacity'
> assessment, whether the claimant can perform any of his or her past relevant work
> despite the impairment; and (5) whether there are significant numbers of jobs in the
> national economy that the claimant can perform given the claimant's residual
> functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

The RFC is an assessment of "the most [plaintiff] can still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ is responsible for assessing a plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources.  *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). In this case, the ALJ determined that plaintiff could perform light work with the following additional limitations:

> The claimant can stand or walk for two hours each per day and can sit for six hours per day. The claimant can occasionally climb stairs, ramps, ladders, ropes or scaffolds, can occasionally balance, stoop, kneel, crouch and crawl, and can occasionally reach overhead bilaterally (Tr.18).

Plaintiff argues the RFC was unsupported by substantial evidence because the ALJ did not include a sit/stand option from a medical opinion. (Dkt. No. 11 at 9). Plaintiff argues the ALJ improperly ignored a treating source opinion from Dr. Berke that stated plaintiff could sit less than 15 minutes at a time before needing to change positions, would need to alternate postures during the workday between standing and walking on an at-will basis, could stand less than 15 minutes at a time, would need to alternate between walking and sitting on an at-will basis, and could walk 15-30 minutes at one time before needing to change positions. (*Id*.). ALJ Bush provided a detailed explanation of why Dr. Berke's assessment was only somewhat persuasive. (Tr. 21). *See* 20 C.F.R. §§ 404.1520c(c)(1)(explaining that in evaluating medical opinions, the more a medical source presents relevant objective evidence and supporting explanations to support his or her opinion, the more persuasive that opinion will be found).

Indeed, the ALJ does not expressly address the sit/stand option but explains that the record overall does not support Dr. Berke's opinions pertaining to sitting, standing or walking for a total of four hours per day or the extreme postural, manipulative and environmental limitations. (Tr. 21). The Court is able to glean from the rationale provided in the decision that the ALJ properly considered the opinion and plaintiff's ability to sit, stand and alternate positions. *See LaRock ex. rel. M.K. v. Astrue,* No. 10–CV–1019, 2011 WL 1882292, \*7 (N.D.N.Y. Apr. 29, 2011)(citing *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983) (internal quotation marks omitted)(An ALJ  is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision). ALJ Bush thoroughly analyzed plaintiff's ability to sit and stand throughout the decision, acknowledging plaintiff's alleged limitations but also referencing the treatment records of alternating normal gait, slight limp, stiff gait, slow gait and antalgic gait. (Tr. 19-20). The ALJ has the responsibility to determine a claimant's RFC, based on all of the relevant medical and other evidence in the record, not just one medical opinion. *See* 20 C.F.R. §§ 404.1527(d)(2), 404.1545(a), 404.1546(c). Accordingly, the ALJ determined that other evidence and medical opinions were more consistent and supported by the record as a whole than Dr. Berke's opinion. (Tr. 22). To require an RFC to mirror a medical opinion would conflict with an ALJ's duties and circumvent regulations that the RFC is an administrative finding and not a medical finding. *See* 20 CFR §404.1545.

Contrary to plaintiff's argument the ALJ did not ignore the positive findings of Dr. Berke but explicitly mentioned positive examination findings as pointed out above. It is well-established that the ALJ has both the ability and the responsibility to resolve conflicts in the evidence and to weigh all of the available evidence to make an RFC finding that is consistent with the record as a

whole. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).  With both exam findings and opinion evidence, the ALJ resolved the evidentiary conflicts, and the Court defers to the Commissioner's resolution of the conflicting evidence. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

Plaintiff similarly asserts that the ALJ erred in weighing the opinion from consultative examiner Dr. Lee. (Dkt. No. 11 at 11). Dr. Lee observed that plaintiff had a normal gait and stance, could walk on heels without difficulty, but was unable to walk on toes or squat more than 50%, and required no assistance changing for the exam or getting on or off the exam table but declined to sit in a chair. (Tr. 486). Dr. Lee found plaintiff had moderate limitations for activities involving prolonged sitting, prolonged standing, walking great distances, climbing stairs, bending, lifting, carrying heavy objects, kneeling, and reaching. (Tr. 488). The ALJ found Dr. Lee's opinion to be somewhat persuasive and incorporated Dr. Lee's conclusions into the RFC determination. ALJ Bush noted that the term moderate was vague but clearly explained how she was interpreting the limitations: "interpreted to preclude the claimant from work greater than the light exertional level." (Tr. 22). Plaintiff cites case law from other districts regarding opinions deemed vague, but this Court has specifically held moderate limitations in the ability to sit, stand or work for prolonged periods is not inconsistent with light work. *See, e.g.*, *White v. Berryhill*, 753 F. App'x 80 (2d Cir. 2019) (consultative examiner's assessment of moderate limitations supported a modified light RFC); *John H. v. Comm'r of Soc. Sec'y*, 20-CV-921, 2021 WL 2355107, at *6 (W.D.N.Y. June 9, 2021)(mild to moderate limitations in standing and walking are consistent with the ability to do light work); *Miller v. Colvin*, 85 F.Supp.3d 742, 752 (W.D.N.Y. 2015) (affirming the ALJ's reliance on a consultative examiner's findings that "plaintiff was 'moderately limited' in sitting, standing, walking, and carrying" in finding that Plaintiff could perform light work); *Carroll v. Colvin*, No. 13-CV-456, 2014 WL 2945797, at *4, 2014 U.S. Dist. LEXIS 88819, at *10

(W.D.N.Y. June 30, 2014) (acknowledging that "several courts have upheld an ALJ's decision that the claimant could perform light or sedentary work even when there is evidence that the claimant had moderate difficulties in prolonged sitting or standing") (collecting cases); *Carpenter v. Astrue*, No. 09-cv-0079-A, 2010 WL 2541222, at *5 (W.D.N.Y. June 18, 2010) (finding consultative physician's opinion that plaintiff was moderately limited in prolonged standing and walking was consistent with the ALJ's conclusion that plaintiff could perform sedentary and light work).

Lastly, not addressed by plaintiff at any point in his brief, the ALJ also had a third opinion from a state agency medical consultant which constituted substantial evidence. *See e.g., Christina v. Colvin,* 594 F. App'x 32, 33 (2d Cir. 2015) (citing 20 C.F.R. § 404.1527(e)(2)(i), *Frye ex rel. A.O. v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012). Dr. Poss reviewed the record and assessed plaintiff could stand and/or walk for a total of two hours every day and could sit (with normal breaks) for about six hours in an eight-hour workday. (Tr. 69-70). Dr. Poss determined that plaintiff had the ability to perform work at the light exertion level, with additional postural limitations, all at the occasional level. (Tr. 69-72). The ALJ assessed Dr. Poss' opinion to be generally persuasive as of the date it was rendered and consistent with all of the record evidence, including consistency with the opinion from Dr. Lee. (Tr. 22). The ALJ clarified that additional limitations were warranted in standing and walking based on medical and testimonial evidence received after his report. (Tr. 22). Plaintiff does not allege any error in the ALJ's consideration of Dr. Poss' opinion despite it being consistent with Dr. Lee and the RFC.

Plaintiff argues the ALJ erred by failing to consider the consistency between opinions under the new regulations as it is one of the two most important factors for the ALJ to consider. (Dkt. No. 11 at 14). However, the ALJ expressly noted the consistency between the opinions of Dr. Poss and Dr. Lee. (Tr. 22). Plaintiff's argument that Dr. Lee's moderate limitation in prolonged

9

sitting, standing and walking great distances is consistent with Dr. Berke's opinion of a sit/stand option is unavailing. (Dkt. No. 11 at 14). Plaintiff concurrently argues any moderate limitation was vague but that it also consistent with the need to change positions at will. (Dkt. No. 11 at 11, 14). These are different exertional activities and the opinion from Dr. Lee made no mention of the frequency of changing positions or need to change position at will. (Dkt. No. 488). The ALJ specifically noted that the plaintiff would not even sit in the chair at the consultative examination and Dr. Lee reported he was unable to assess that portion of the exam. (Tr. 21 *referring to* Tr. 486).

Based on the foregoing, plaintiff fails to demonstrate that it was unreasonable for the ALJ to reach her conclusions in assessing the RFC. The regulations require that an ALJ's RFC be based on the entire record, including objective medical records as well as all opinion evidence. The record reflects ALJ Bush considered all evidence of record in her task of resolving evidentiary conflicts and formulating the RFC. While plaintiff may disagree with the ALJ's conclusion, the Court must defer to the Commissioner's resolution of conflicting evidence and reject the ALJ's findings only if a reasonable factfinder would have to conclude otherwise. *Morris v. Berryhill*, No. 16-02672, 2018 WL 459678, at *3 (2d Cir. Jan. 18, 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence); *Bonet*, 523 F. App'x at 59 ("Under this very deferential standard of review, once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise.").

**ACCORDINGLY, it is**

   **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is

      **DENIED;** and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 12) is

     **GRANTED.**

Dated: September 30, 2021                 _J. Gregory Wehrman_

Rochester, New York                   HON. J. Gregory Wehrman

                                        United States Magistrate Judge